305 So.2d 673 (1974)
Paula Hope Spillers RHODES, Plaintiff-Appellee,
v.
Richard Dennis RHODES, Defendant-Appellee, and
Raymond Dewey Rhodes et ux., Defendants-Appellants.
No. 12485.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
Rehearing Denied, January 21, 1975.
Writ Refused March 14, 1975.
*674 Charles E. Welsh, Bossier City, for defendants-appellants, Raymond Dewey Rhodes, and others.
Caddo-Bossier Legal Aid Society, James R. Phillips, Bossier City, for defendant-appellee, Richard D. Rhodes.
William L. Lowe, Curator ad hoc, Shreveport, for defendants-appellees, Robin Hope Rhodes and Chad Allen Rhodes.
Donald R. Miller, Shreveport, for plaintiff-appellee, Paula Hope Spillers Rhodes.
Lila and Paul Spillers, in pro. per.
Before BOLIN, HALL and DENNIS, JJ.
En Banc. Rehearing Denied, January 21, 1975.
DENNIS, Judge.
This suit was originally brought by plaintiff, Paula Spillers Rhodes, against her husband, Richard Dennis Rhodes, for a divorce and for child support in behalf of her four minor children, aged 3, 4, 8 and 9 years. Before trial plaintiff amended her petition by impleading the children's paternal grandparents, Mr. and Mrs. Raymond Dewey Rhodes, in order to seek aid from them in supporting the children. The paternal grandparents denied they owed anything, filed a third party action against the maternal grandparents, Mr. and Mrs. Paul Spillers, and, in the alternative, prayed that the maternal grandparents be required to pay a proportional part of any amount of child support assessed against the paternal grandparents. The trial court rendered judgment in favor of plaintiff granting her a divorce, granting her custody of the children, ordering the father of the children to pay child support in the amount of $145 per month, or an amount equal to the contribution being made to the children for him through Social Security, and ordering each set of grandparents to pay $100 per month in support of the children until plaintiff Paula Spillers Rhodes returned to her regular employment. The paternal grandparents, Mr. and Mrs. Raymond Dewey Rhodes, appealed the child support award against them of $100 per month. No other party appealed.
Appellants contend that the trial court erred in (1) awarding an amount of support greater than the children's needs, (2) failing to consider the circumstances and obligations of the paternal grandparents, (3) ordering the grandparents to pay support to children who were not in necessitous circumstances, and (4) ordering the paternal grandparents to pay an amount greater than they were able to provide. We find no error in the trial court's decision and affirm its judgment.
The Louisiana Civil Code, Chapter 5, "Of Paternal Authority", Section 1, "Of the Duties of Parents Towards Their Legitimate Children, and of the Duties of Legitimate Children Towards Their Parents", in pertinent parts, provides:

* * * * * *
"Art. 229. Children are bound to maintain their father and mother and other ascendants, who are in need; and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal. (Amended by Acts 1970, No. 436; Acts 1972, No. 668, § 1)
"Art. 230. By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it. It includes the education, *675 when the person to whom the alimony is due, is a minor.
"Art. 231. Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.
"Art. 232. When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted."

* * * * * *
The evidence fully supports the trial judge's finding that the children were needy descendants whom the paternal grandparents were obliged to maintain by the provisions of the Civil Code Article 229. The father of the children, Richard Dennis Rhodes, had been totally disabled in an accident and was not capable of gainful employment. Because of his medical condition his children were receiving support in the amount of $145 per month by payments mailed to plaintiff from the Social Security Administration. Rhodes received similar benefits from the Administration in the amount of $186.60 per month for his own support. The record is convincing that he had no other income and could not provide any additional support for his children.
The plaintiff, Paula Spillers Rhodes, had been employed by Western Electric, but at the time of the trial was on sick leave and receiving half-pay in the amount of approximately $250 per month. The trial court's award of child support to be paid by the grandparents was explicitly granted temporarily until plaintiff returned to full time employment. Under the judgment, as well as Civil Code Article 232, the discharge from or reduction of the alimony may be sued for and granted when the children's mother returns to work.
During plaintiff's unemployment due to illness there is little question but that the children are in necessitous circumstances. One of the children is afflicted with deafness and requires expensive medical and rehabilitative assistance. The other children, of course, have all the needs of normal pre-school and school-age children. Plaintiff testified that it cost her over $800 per month to support and maintain herself and the four children. There is no doubt that the nourishment, lodging and support required for the four children exceeds the amounts which may be provided from the present income of their mother and the Social Security checks paid in behalf of their father.
We find that the trial court judge acted within the authority granted him by Civil Code Article 231 in that he established the alimony to be paid by the grandparents in proportion to the wants of the children and the circumstances of those who were to pay it. The maternal grandparents, Mr. and Mrs. Paul Spillers, were not in the best of physical or financial condition. Spillers was drawing Veterans' and Social Security disability payments and his wife was suffering from cancer. However, they did not complain of the judgment ordering them to pay $100 per month child support and, in fact, the evidence discloses they have rendered assistance, perhaps at times in greater amounts, for a number of years. On the other hand, Mr. Raymond Dewey Rhodes was employed at a salary in excess of $1200 per month, and, compared to the father, mother or maternal grandparents of the children, appeared to be in much better financial circumstances. He argued that he was contributing toward the support of his son, Richard Dennis Rhodes, and his own widowed mother, but the evidence reflected that his mother received a pension and his son, Social Security benefits. The children involved were his only grandchildren and he had not aided in their support to any substantial degree in the past. Under the circumstances, the trial judge did not abuse his discretion in requiring Mr. and Mrs.
*676 Raymond Dewey Rhodes to provide support for them in the amount of $100 per month until their mother's ability to provide maintenance improves.
The judgment of the District Court is affirmed. Costs of the appeal are assessed to appellants.